Case 2:18-cv-00122   Document 15   Filed on 06/13/18 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT AND PETITION OF GENE BROWN, AS OWNER OF THE S/Y MORGAN 36T FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | § § § § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:18-CV-122 |
| EDWARDS & RICHTER, L.L.P., d/b/a VIRGINIA'S ON THE BAY | § § § § | |
| Claimant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is a motion to dismiss filed on May 15, 2018 by Claimant Edwards & Richter, L.L.P. d/b/a Virginia's on the Bay ("Claimant" or Virginia's) (D.E. 11). Petitioner Gene Brown ("Petitioner" or "Brown") filed a response on May 22, 2018 and the parties have filed a reply to the response and a sur reply (D.E. 12, 13, 14). Petitioner seeks exoneration from or limitation of liability for damages allegedly caused by a vessel he owns. Virginia's asserts that Brown's complaint was filed outside the six-month time period for such filing and thus is subject to dismissal. For the reasons set forth below, it is recommended that Virginia's motion be granted and Petitioner's complaint be dismissed as untimely.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1333 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Venue is proper in this court because a substantial part of the acts or omissions giving rise to this action occurred in Port Aransas, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 1391.

## BACKGROUND

Gene Brown was the owner of a monohull sail boat (the Vessel) which was moored at the Port Aransas Municipal Marina when Hurricane Harvey struck Port Aransas, Texas on August 25 and 26, 2017.  The Vessel was secured with multiple lines to the cleats and the pilings, but nevertheless was torn from dock, which itself was destroyed by the hurricane.  After being torn from the dock, the Vessel reportedly struck a portion of the piers in Virginia's marina (D.E. 1).

On September 26, 2017, counsel for Virginia's sent the following letter to Brown:

As you know, while Hurricane Harvey was making landfall in Port Aransas, your sailboat crashed into my client's marina, damaging the pier and pilings located at Virginia's on the Bay.  A "pre-Harvey" aerial view along with photographs showing the location of your boat in the immediate aftermath of the storm and damages to the pier are enclosed.  Although your sailboat had no name or identification numbers on the hull, it is our understanding that you recently had the vessel removed and hauled over to the City dock.

Please accept this letter as our request to you to provide us with a copy of your certificate of insurance within ten (10) days of the date of this letter.  We further demand that you immediately put your insurance carrier on notice of my client's claim for damages sustained to their property by your vessel.  Please have your carrier's adjuster contact me at the above address as soon as possible.

> We look forward to working with you and your insurance company so that repairs can be conducted expeditiously.

Attached to the letter were before and after pictures of Virginia's marina, which included its address, and pictures of a white boat without identification markings (Exs. 1 and 2 to Mot. to Dism., D.E. 11 at pp. 12-17).

On November 3, 2017, Brown's marine insurance carrier, Boat U.S., sent a letter to Virginia's counsel denying coverage based on an "Act of God" or "inevitable accident" defense (Ex. 3 to Mot. to Dism., D.E. 11 at pp. 20-21). On March 26, 2018 counsel for Virginia's sent a letter to Boat U.S., asserting that Brown failed to take necessary precautions to secure the Vessel, resulting in damages to Virginia's property. Virginia's sought $85,000 in damages (D.E. 12-1 at pp. 3-5).

Petitioner Brown filed this complaint and petition for exoneration from or limitation of liability on May 2, 2018, asserting that the Vessel was properly secured and stored in its slip prior to Hurricane Harvey's landfall. Brown asserts that the value of the Vessel after it was damaged by the hurricane is $2,000[1] and that the damages of all known existing claimants exceed the value. Brown contests his own liability and the liability of the Vessel for damages and also seeks to claim the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*.

In its motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Virginia's argues that Brown's complaint is time-barred which deprives this Court of

---

[1] The value of a vessel is measured at the end of the voyage. If the voyage is never completed because of the loss or sinking of the ship over which the owners have no control, the value of the vessel at the time of such loss or sinking is taken as the owner's liability. *Pacific Coast Co. v. Reynolds*, 114 F. 877 (9th Cir. 1902).

jurisdiction and that Petitioner otherwise has failed to state a claim.  Petitioner counters that his claim was timely filed, based on his receipt of the second letter sent on March 26, 2018.

## APPLICABLE LAW

### A.  Motion to Dismiss

In ruling on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court may look at "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016)(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A court may dismiss a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  *Id.*  The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.  *Ramming*, 281 F.3d at 161.  When a Rule 12(b)(1) motion is filed along with other Rule 12 motions, the court addresses the Rule 12(b)(1) motion before addressing any attack on the merits.  *Id.*

**B.  Limitation of Liability Act**

The Limitation of Liability Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel."  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001).  The statute provides that within six months after a claimant gives the owner written notice of a claim, the owner of a vessel may bring a civil action in a district court of the United States for limitation of liability.  46 U.S.C.A. § 30511(a).[2]  An action which is not filed in the six-month time period is dismissed as untimely.  *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989).  The requirement that an owner file a limitation action within six months after receiving notice of a claim is jurisdictional and thus, a party who contends that a limitation action was not timely filed challenges the district court's subject matter jurisdiction.  *In re The Complaint of RLB Contracting, Inc.*, 773 F.3d 596, 601, 602 (5th Cir. 2014).

Virginia's contends that Brown filed his May 2, 2018 complaint more than six months after receiving notice of the claim.  If the September 26, 2017 letter is considered sufficient notice of the claim, Brown had until March 26, 2018 to file the limitation of liability action and he missed the deadline.  If Brown did not receive notice until he received the March 26, 2018 letter, his complaint was timely.  Thus, the issue in this case is whether the September 26, 2017 letter was sufficient notice of the claim to trigger the limitations period.

---

[2] Formerly cited as 46 App. USCA § 185.

**(1) Reasonable Possibility of a Claim**

> [A] communication qualifies as "written notice" if it "reveals a 'reasonable possibility' that the claim will exceed the value of the vessel." This standard evokes two inquiries: (1) whether the writing communicates the reasonable possibility of a claim, and (2) whether it communicates the reasonable possibility of damages in excess of the vessel's value. Answering these questions requires a "fact-intensive inquiry into the circumstances of the case."

*RLB Contracting, Inc.*, 773 F.3d at 602 (quoting *In re Eckstein*, 672 F.3d at 317; *Billiot v. Dolphin Servs., Inc.*, 225 F.3d 515, 518 (5th Cir. 2000) and *Complaint of Tom-Mac, Inc.*, 76 F.3d 678, 683 (5th Cir. 1996)).

The purpose of the "reasonable possibility" standard is to place the burden of investigating potential claims on the vessel owner. *Id.*

> The Limitation Act provides generous statutory protection to the vessel owners who reap all of its benefits. When there is uncertainty as to whether a claim will exceed the vessel's value, the reasonable possibility standard places the risk and the burdens associated with that risk on the owner. In other words, if "doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship the owner will not be excused from satisfying the statutory time bar since he may institute a limitation proceeding even when the total amount of the claim is uncertain."

*In re Eckstein*, 672 F.3d at 317-318 (quoting *In re Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2nd Cir. 1982)). Once a "reasonable possibility" is raised, it becomes the vessel owner's responsibility to initiate an investigation and decide whether to file a limitation action. *Id.* "[T]he standard is a reasonable *possibility*, not a reasonable *probability*. Although this standard 'is not toothless, it is also not particularly stringent.'" *RLB Contracting, Inc.*, 773 F.3d at 603 (quoting *In re Eckstein*, 672 F.3d at 317)(emphasis in original). Pre-suit letters or emails from a claimant's counsel to an owner's counsel may

serve as notice if they raise a reasonable possibility that the owner faces a claim in excess of the value of the vessel. *Id.* at 604-605.

Brown argues that the first letter was insufficient notice of the claim because (1) it did not identify the vessel's hull number and contained no descriptive information of the vessel other than "White Sailboat (no markings);" (2) did not disclose the date of the alleged loss; (3) provided no details of the incident; (4) did not provide an address of the property; (5) contained no allegation of any fault on Brown's part and (6) did not state that Virginia's intended to file a lawsuit against Brown.

While Brown is correct that the letter did not list the all the identifying information on its face, it did identify Virginia's on the Bay and its address in one of the attached photos. The letter also stated that the damage occurred when Hurricane Harvey made landfall which everyone in the area knew occurred on August 26, 2017, and that Brown's "sailboat crashed into my client's marina, damaging the pier and pilings located at Virginia's on the Bay." The letter also demanded that Brown put his insurance carrier on notice of Virginia's "claim for damages sustained to their property by your vessel." (*See* Ex. 1 to Mot. to Dism., D.E. 11 at pp. 12-13).

In addition, the November 3, 2017 letter from Brown's insurance carrier, Boat U.S., indicates that Brown understood that the letter referred to the Vessel, and that the alleged loss occurred on August 26, 2017. The date of loss was listed on the top of the letter and the letter also stated, "In our opinion, Mr. Brown took all reasonable precautions to secure his vessel prior to Hurricane Harvey's arrival in accordance with marine practices." (Ex. 3 to Mot. to Dism., D.E. 11 at pp. 20-21).

Also, the Boat U.S. letter indicates that Brown understood that the damages were to Virginia's marina, and particularly its pier and pilings. "We have been investigating your client's claim under the Boating Liability portion of the above-referenced policy for damage to its marina, specifically its pier and pilings." (*Id.*)  In addition, Brown appears to have understood that Virginia's was alleging that he failed to properly secure the vessel, as the letter described the precautions Brown took to secure the vessel and also stated, "In our opinion, Mr. Brown took all reasonable precautions to secure his vessel prior to Hurricane Harvey's arrival in accordance with marine practices." (*Id.*)  Thus, it appears that the September 26, 2017 letter communicated the reasonable possibility of a claim.  *RLB Contracting*, *Inc.* 773 F.3d at 602.

**(2)  Reasonable Possibility of Damages in Excess of Value of Vessel**

Regarding the requirement that the notice communicate the reasonable possibility of damages in excess of the Vessel's value, "a claimant need not prove or even specifically allege that his damages will exceed the value of the vessel in order to trigger the six month deadline."  *In re Eckstein*, 672 F.3d at 319.  As long as the reasonable possibility standard has been met by the allegations, the vessel owner bears the risk, even if the total value of the claim is uncertain.  *Id.*  In *In re Marquette Transp. Co., L.L.C.*, 524 Fed. Appx. 989 (5th Cir. 2013)(per curiam), a claimant sent a vessel owner a letter stating that the cost of repairs related to the casualty at issue was a dollar amount that was less than the value of the vessel.  However, the letter also stated that the casualty had placed enormous financial burdens on the claimant for which the owner eventually would have to compensate the claimant.  *Id.* at 990-991.  The court found that although the letter

8 / 10

only quantified an amount for physical damages, the claimant's clearly stated intent to claim consequential damages put the owner on notice that the claim would exceed the value of the vessel. *Id.* at 992.

In *In re McGee's Landing, Inc.*, No. 11-0937, 2011 WL 5402651 (W.D. La. 2011), the owner received a letter from a claimant's attorney stating that the claimant intended to seek damages for personal injury and damage to property following a collision with the owner's vessel. The letter did not state an amount of damages claimed, but did state that the claimant received serious injuries and that his boat sustained damage which would have to be repaired. *Id.* at *3. The owner also had been present at the time of the collision and spoke to the claimant immediately after the collision. In addition, after receiving the letter, the owner conducted an investigation and then responded to the claimant's attorney disputing the damages and requesting medical records. The court found that the letter, coupled with the owner's personal knowledge of the incident and the value of the vessel, provided sufficient notice to trigger the six-month limitations period.

Virginia's first letter asserted a claim for damages to the pier and pilings in the marina and attached pictures showing the damage. Given the description and picture of the damages, the letter was sufficient to alert Brown that there was a reasonable possibility that the damages claim would exceed $2,000. Accordingly, it is recommended that a finding be made that the September 26, 2017 letter provided sufficient notice to Brown to trigger the six-month limitation period and that consequently, his complaint and petition for limitation of liability was untimely filed. Because this Court lacks jurisdiction, Brown's complaint should be dismissed.

# CONCLUSION

For the reasons set forth above, it is respectfully recommended that Claimant Virginia's Motion to Dismiss (D.E. 11) be GRANTED and Petitioner Gene Brown's Complaint and Petition for Exoneration From or Limitation of Liability be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted this 13th day of June, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

# NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).