UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT § | | |
| AND PETITION OF GENE BROWN, AS § | | |
| OWNER OF THE S/Y MORGAN 36T § | | |
| FOR EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY, § | | |
| § | | |
| Petitioner, § | | |
| VS. § | CIVIL ACTION NO. 2:18-CV-122 | |
| § | | |
| , § | | |
| § | | |
| Defendant. § | | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is the motion to dismiss (D.E. 11) filed by Claimant Edwards & Richter, L.L.P. d/b/a Virginia's on the Bay (Claimant). On June 13, 2018, United States Magistrate Judge B. Janice Ellington entered a Memorandum and Recommendation (M&R) recommending that the motion be granted. D.E. 15. Petitioner Gene Brown (Petitioner) timely objected. D.E. 16.

Petitioner first objects that the Magistrate Judge "seemingly did not consider" the affidavit that Petitioner attached as an exhibit to his response to Claimant's motion to dismiss. D.E. 16, p. 1. In that affidavit, Petitioner states that he did not receive "sufficient details of the incident" to constitute notice of a claim exceeding the value of his vessel until March 26, 2018. D.E. 12-1.

The Court **OVERRULES** this objection. The question before the Court is not when Petitioner knew for a fact that Claimant's alleged damages exceeded the $2,000

value of his vessel. The question is when, for purposes of establishing the Court's subject matter jurisdiction, Petitioner received written notice of a reasonable *possibility* of claims exceeding the value of the vessel. *See In re The Complaint of RLB Contracting, Inc., as Owner of the Dredge Jonathan King Boyd its Engine, Tackle, Gear for Exoneration or Limitation of Liab.*, 773 F.3d 596, 603 (5th Cir. 2014) ("[T]he standard is a reasonable *possibility*, not a reasonable *probability*."). Petitioner's affidavit, which restates the central argument from his briefing, in no way undermines the Magistrate Judge's conclusion that the September 2017 letter from Claimant's attorneys provided such notice.

Petitioner's second objection implies that the Magistrate Judge did not apply the correct standard of review. He cites *Rodriguez Moreira v. Lemay*, 659 F. Supp. 89 (S.D. Fla. 1987) for the proposition that the relevant notice provisions are to be "liberally construed in favor of the ship owner." More recent controlling authority, however, provides that "[t]he purpose of the 'reasonable possibility' standard is to place the burden of investigating potential claims on the vessel owner." *RLB*, 773 F.3d at 602. *Rodriguez Moreira* is also distinguishable on its facts, as the purported notice in that case did not "inform [shipowners] of Plaintiff's demand of a right or supposed right, blame them for any damage or loss, or call upon them for something due Plaintiff." 659 F. Supp. at 91. Here, the September 2017 letter included the subject line "Hurricane Harvey Damage Claim" and anticipated a "claim for damages sustained to [Claimant's] property by your vessel," thereby signaling Claimant's intent to pursue compensation. D.E. 11, p. 12. Even if Petitioner felt that he should not be responsible for Claimant's loss, "the issue

here is the 'reasonable possibility' that a claim *exists*, not probability of success on the merits." *RLB*, 773 F.3d at 604.

Petitioner also cites *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) for the proposition that a district court may not dismiss for lack of subject matter jurisdiction unless "it appears *certain* that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." However, the correspondence speaks for itself, and Petitioner has identified no conceivable set of facts that would change the conclusion in the M&R. The Court therefore **OVERRULES** Petitioner's second objection.

Petitioner's third objection claims the M&R "improperly conflates his *insurer's* response with what and when *he* appreciated" the possibility of claims exceeding the vessel's value. D.E. 16, p. 2. This essentially reprises his first objection: that his subjective understanding should control the question of notice. Whether a document supplies sufficient written notice, however, is determined objectively. "Petitioner's subjective belief of the validity of the claim against him is simply not part of the written notice test." *In re Lewis*, 190 F. Supp. 2d 885, 889 (M.D. La. 2002); *see also In re McGee's Landing Inc.*, No. CIV.A. 11-0937, 2011 WL 5402651, at *4 (W.D. La. Nov. 2, 2011) ("[Shipowner's] subjective belief as to the extent of [claimant's] injuries and damages, or lack thereof, have no bearing on whether notice was sufficient for purposes of the Limitation of Liability Act.").

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** as its own the findings of fact and conclusions of law from the M&R, and

**GRANTS** Claimant's motion to dismiss for lack of subject matter jurisdiction (D.E. 11).

The Complaint and Petition for Exoneration from or Limitation of Liability is **DISMISSED WITH PREJUDICE**.

ORDERED this 1st day of August, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE